UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: **11-60274-CV-Cohn/Seltzer**

**NOLAN R. CAMPBELL**,

    Plaintiff,

vs.

**MOON PALACE, INC.** *d/b/a*
**PEKING DUCK HOUSE**, a Florida corporation,

    Defendant.
_____/

# PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL AND INCORPORATED MEMORANDUM OF LAW

Respectfully Submitted,
**The Shemtov Law Firm, P.A.**
*Attorney for Plaintiff*
**Tal Shemtov, Esquire**
Florida Bar No. 28456
9715 West Broward Blvd. #256
Plantation, Fl 33324
Telephone: (954) 861-9787
Facsimile: (954) 236-3530
SHEMTOVLAWFIRM@YAHOO.COM

COMES NOW, the Plaintiff, NOLAN R. CAMPBELL ("Plaintiff"), by and through undersigned counsel, and makes this Opposition to Defendant's, MOON PALACE, INC.'s, Motion to Compel. Defendant's Motion should be denied for these reasons: (1) Defendant's Discovery request at issue are irrelevant, objectionable, and not reasonably calculated to lead to the discovery of admissible evidence and (2) the Requests at issue are meant solely for the purpose of harassment, annoyance, embarrassment, oppression or undue burden, (3) Plaintiff has complied with discovery requests to the extent that it is possible. For the foregoing reasons, and as explained in detail below, Defendant's Motion to Compel should be denied.

Argument

Plaintiff has provided and produced to Defense everything that was requested by Defense that is required and relevant to the case at hand under the law. Although liberal, the discovery process has limitations. Even for discovery that may be relevant, upon a showing of good cause, a court "may make any order which justice so requires to protect a party ... from annoyance, embarrassment, oppression or undue burden or expense ...." F.R.C.P. 26(c). A Court may restrict discovery if "the requested documents either do not come within the broad scope of relevance defined pursuant to Federal Rule of Civil Procedure 26(b)(1) or else are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." See *Barnes Foundation v. Township of Lower Merion*, CIV.A. No. 96-372, 1996 WL 653114 (E.D. Pa. Nov. 1, 1996) (quoting *Thompson v. Glenmede Trust Co.*, CIV.A. No. 9205233, 1995 WL 752443, *2 (E.D. Pa. Dec. 19, 1995)). "Under Rule 26(c), the trial court has 'broad discretion ... to decide when a protective order is appropriate and what degree of protection is required." *Duling v. Gristede's Operating Corp.,* 266 F.R.D. 66, 72 (S.D.N.Y.2010) (quoting *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 36, 104

S.Ct. 2199, 81 L.Ed.2d 17 (1984)). Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. However, the Rules do allow a court to block discovery where it believes the true motivation of the party seeking disclosure is to annoy, embarrass, or oppress its opponent.

Defendant seeks to compel additional responses to various discovery requests to which Plaintiff raised reasonable and timely objections. The information for which Defendants seek resort to the Court is largely irrelevant to a claim or defense. The scope of allowable discovery under the federal rules is not as broad as Defendant suggests. First, Under Rule 26(b)(1), there are two categories of discovery: that which is relevant to the claim or defense of a party, and that which is merely relevant to the subject matter. A party seeking information relevant only to the subject matter must show good cause and seek the court's approval.[1] The advisory committee's notes expressly explain that making "subject matter" discovery dependent on showing good cause and obtaining court approval is "designed to involve the court more actively in regulating the breadth of sweeping or contentious discovery." Fed. R. Civ. P. 26(b)(1) advisory committee's note (2000). The contentious discovery sought here is not relevant at all, or at the very most, only relevant to the subject matter of the case, and thus Defendant must show good cause to the Court for imposing the burden of such discovery on the Plaintiff. The Defendant requests information the benefit of which is outweighed by its lack of importance in resolving the issues at stake in this case. Plaintiff has made good faith efforts to comply with Defendant's discovery demands.

---

[1] Rule 26(b)(1) provides: Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

3

**The Shemtov Law Firm, P.A.**
9715 West Broward Boulevard #256· Plantation, Florida 33324·Tel: 954.861.9787·Fax:954.236.3530

**I.     DEFENDANT'S REQUEST FOR PRODUCTION NUMBER 5 & 6**

Defendant seeks to compel the Plaintiff's Federal Income Tax Return and any W-2 and/or 1099 forms. These items are highly irrelevant to this case in which Plaintiff is seeking ADA compliance. Income tax returns are highly sensitive documents; courts are reluctant to order their routine disclosure as a part of discovery. *SEC v. Cymaticolor,* 106 F.R.D. 545, 547 (S.D.N.Y.1985) (disclosure of tax returns for purposes of discovery ordinarily demands that the requesting party demonstrate relevancy and compelling need). Not only are the taxpayer's privacy concerns at stake, but unanticipated disclosure also threatens the effective administration of our federal tax laws given the self-reporting, self-assessing character of the income tax system. *Commodity Futures Trading Commission v. Collins,* 997 F.2d 1230, 1233 (7th Cir.1993). Because tax returns possess by statute a character of confidentiality, the district court will be cautious in ordering their disclosure[2]. Courts have previously ruled on this exact issue. The court in *Melendez v. Primavera Meats, Inc.*, 270 F.R.D. 143, E.D.N.Y. 2010, was forced to answer this exact question in a "FLSA" case. The Court held that discovery of tax returns was not warranted. The Court found that:

> Although income tax returns are not inherently privileged, courts are typically *reluctant to compel their disclosure because of both 'the private nature of the sensitive information contained therein' and 'the public interest in encouraging the filing by taxpayers of complete and accurate returns.'"Carmody v. Village of Rockville Centre,* 2007 WL 2042807, at *2 (E.D.N.Y. July 13, 2007) (quoting *Smith v. Bader,* 83 F.R.D. 437, 438 (S.D.N.Y.1979)). ***In determining whether to compel discovery of tax returns, the court applies a two prong test: "(1) the tax returns must be relevant to the subject matter of the action, and (2) a compelling need must exist because the information is not readily obtainable from a less intrusive source.*** " *Sadofsky v. Fiesta Prods., LLC,* 252 F.R.D. 143, 149 (E.D.N.Y.2008) (citations omitted). ***The modern trend places the burden on the party seeking the discovery to establish both prongs of this test.*** *See Uto*

---

[2] In re Reading Tube Corp, 73 Bankr Rep 99 (Bankr Ct ED Pa 1987) [court had to balance carefully privacy interest with other factors, including need for information].

*v. Job Site Servs., Inc.,* 269 F.R.D. 209, 212, 2010 WL 3700239, at *4 (E.D.N.Y. Sept. 20, 2010); *see also Carmody,* 2007 WL 2043807, at *2.

As the party seeking discovery in this case, the defendants first bear the burden of showing the relevance of the tax returns to the instant action. Defendants argue that the tax returns are relevant since they will identify other employers of the plaintiffs. As defendants apparently claim that they never employed these plaintiffs, they further argue that the tax returns are "relevant as to how much the plaintiffs were paid by these defendants, if they were paid by these defendants at all." Defs.' ltr at 1. Plaintiffs respond that the tax returns are irrelevant because even if they reflect the existence of other employers, the returns would not indicate how many hours plaintiffs worked for a particular employer.

Even assuming, *arguendo,* that the tax returns are relevant, defendants must also establish the second prong of the test-that they have a compelling need for these items because the information is not readily obtainable from a less intrusive source. *Sadofsky, 252 F.R.D. at 150* (citations omitted). Defendants offer only a conclusory statement that "there is no other means by which the defendants in this case can establish that someone other than themselves were the plaintiffs' employer" and a rhetorical question posed to plaintiff's counsel as to what less intrusive methods might exist. Defendants have singularly failed to establish that the information sought cannot be obtained from a less intrusive source and thus have not met their burden.

As to defendants' argument regarding the amounts paid by them to the plaintiffs, their own records should reflect this information. Interrogatories, demands for non-tax return documents, and/or inquiries during depositions are discovery devices that apparently have not yet been utilized by defendants. The same devices can be used to obtain discovery regarding any other entities that may have employed the plaintiffs during the relevant time periods. Defendants could, for example, pose interrogatories to determine plaintiffs' employment history during the relevant time period or question plaintiffs during depositions concerning the number of hours they worked. *Carmody, 2007 WL 2042807, at *3* (citing *Sabatelli v. Allied Interstate, Inc., 2006 WL 2620385, at *1 (E.D.N.Y. Sept.13 2006)*). Here, there is no representation from defendants that they have attempted to retrieve the information sought from plaintiff's through discovery of other documentary evidence such as financial records, or "through the use of any other, less intrusive, discovery device." *Carmody, 2007 WL 2042807, at *3*.

In the instate case, the Plaintiff's tax returns or income are NOT at issue. The plaintiff was very clear that he sued the facility for compliance with the ADA. The defense is trying to argue that they need the tax returns to prove that the Plaintiff is making money illegally off of this lawsuit; however, at deposition, even after being asked numerous times in many different ways and many

5

**The Shemtov Law Firm, P.A.**
9715 West Broward Boulevard #256· Plantation, Florida 33324·Tel: 954.861.9787·Fax:954.236.3530

different times during the deposition (which lasted for more than 7 hours) whether he was ever paid to file suit or what sort of compensation he was receiving, the Plaintiff was VERY clear that he NEVER received compensation and was suing for accessibility and compliance with ADA law. He clearly stated he does not make ANY money off of this or any other lawsuit. Similarly, in *Behnia v. Shapiro,* 176 F.R.D. 277 (N.D. Ill. 1997), the court ruled that fee arrangement between plaintiff and his attorneys was not relevant to show witness bias, in absence of evidence that some of plaintiff's witnesses were helping plaintiff to pay for his legal fees and expenses, and fee arrangement thus was not within proper scope of discovery[3]. In this case, just as in the *Behnia* case, the Plaintiff denied ever receiving any sort of compensation or having any sort of fee splitting arrangement. He clearly and many times explained under oath in deposition that no fee splitting was occurring. There is no reason to believe otherwise and just as in *Behnia*, the Defense has no reason to believe that there is a fee splitting arrangement. The Defendant is just requesting information to harass the Plaintiff and does not explain how this additional information could lead to the discovery of admissible evidence. This discovery request is outside the scope of discovery since it asks for information that is not relevant and the information requested will not lead to admissible evidence.  It is clear that the only reason the Defendants are seeking these tax returns is to harass the Plaintiff so that he will drop the suit.

Further, in *Kingsley v. Delaware, Lackawanna & Western Railroad*, 20 F.R.D. 156 (S.D.N.Y. 1957) the United States District Court for the Southern District of New York took the

---

[3] "The court finds that the fee arrangement between Behnia and his attorney is not relevant and, thus, is outside the scope of discovery. The Foundation defendants have failed to show the court any basis for their belief that some of Behnia's witnesses might be helping Behnia pay his legal fees. In contrast, Behnia has given the court reason to believe that only Behnia is responsible for his legal fees and expenses. Thus, the court denies the Foundation defendants' motion to compel disclosure of the fee arrangement and grants Behnia's motion for a protective order barring defendants from further questioning Behnia about the fee arrangement between him and his attorney."

first steps toward establishing a privilege for tax returns. When Kingsley sought recovery of lost wages, the defendant moved to compel production of his income tax returns. The court held that the party seeking disclosure must have a legitimate interest in the information. Thus, rather than require the party opposing discovery to argue that its opponent is seeking to annoy, embarrass, or oppress it, *Kingsley* established a qualified privilege whereby the court would ask if the party seeking discovery of the income tax returns had a legitimate reason for the information. **This ruling bars discovery where the taxpayer has not made his income an issue.** In this case, the Plaintiff has never made his income an issue. Further the argument that the Defense needs the Plaintiff's income to determine whether he can afford to eat out is preposterous. In deposition, the Plaintiff was very clear that he earns money and receives money and has over $50,000 in savings. Further, even without this knowledge, the Plaintiff does not need to prove his income to patronize restaurants. The fact is that he explained to counsel at deposition that he went to the restaurant and ate there. He stated that sometimes he pays and sometimes his friends pay for him. Further, hypothetically, a person does not need to have an income to eat out, he can be invited by friends or family and not pay a penny. Further, the argument that the records are needed for impeachment purposes is not valid. In *Cooper v. Hallgarten & Co.*, 34 F.R.D. 482, 484 (S.D.N.Y. 1964), the Southern District of New York established a two-part rule to determine when a "legitimate interest" exists: the party seeking disclosure must show (1) that the information it seeks is clearly relevant, and (2) that there is a compelling need for disclosure, because the information is not otherwise readily obtainable. This two-part rule is a natural outgrowth of the Rules, with Rule 26(b)(1) ordinarily allowing the discovery of information that "appears reasonably calculated to lead to the discovery of admissible evidence," and Rule

26(b)(2)(i) limiting such discovery where there is "some other source that is more convenient [or] less burdensome . . . ."[4]. In this case, in deposition, the Defendants already found out every income the Plaintiff receives and how much money he earns. These items are not relevant and are solely seeking these items to harass the Plaintiff. The Tax returns are a collateral issue at best.  As a general rule, production of a tax return will not be ordered in the absence of a compelling need for the information, such as that it is not otherwise readily obtainable[5]. On the other hand, federal income tax returns will be subject to discovery in federal civil actions where the taxpayer-litigant opposing discovery has raised an issue as to the amount of his or her income, including the issue of the amount of damages[6]. The true motivation of the Defendant is to annoy, embarrass, or oppress the Plaintiff. The benefit of this is outweighed by its lack of importance in resolving the issues at stake in this case. The purpose of discovery is to narrow the issues and determine what evidence will be required at trial.  Plaintiff has stated from the beginning of this lawsuit, that he is seeking compliance with the ADA, thus Plaintiff's revenue is not relevant. Moreover, Defendant's request for information regarding Plaintiffs' revenue is not reasonably calculated to lead to the discovery of relevant information.

## II.   DEFENDANT'S REQUEST FOR PRODUCTION NUMBER 15

Defendant seeks to compel "all records from previous and subsequent entities concerning the same or similar complaints asserted by the Plaintiff in this legal action". As explained in Plaintiffs' objections, these requests are overly broad, unduly burdensome, and request confidential information that is not reasonably calculated to lead to the discovery of admissible

---

[4] In 2001, in *Dunkin' Donuts, Inc. v. Mary's Donuts, Inc.*, No. 01-0392-Civ., 2001 U.S. Dist. LEXIS 25204 at *8–9 (S.D. Fla. Nov. 1, 2001)the Southern District of Florida cited to the 1964 *Cooper* case and adopted its two-prong test.

[5] *Shaver v Yacht Outward Bound*, 71 F.R.D. 561, 22 FR Serv2d 1440 (ND Ill 1976).

[6] *Jackson v University of Pittsburgh*, 141 F.R.D. 253 (WD Pa 1992)

evidence. Plaintiff provided all records that the Plaintiff has for this specific case, however, the fact that the Defendant is asking for "all records from previous and subsequent entities concerning the same or similar complaints asserted by the Plaintiff in this legal action" is overbroad and simply is not clear as to exactly what the Defendant is asking for and does not make any sense. The Defendant does not even explain what "all records" refers to or what "previous and subsequent entities concerning the same or similar complaints asserted by the Plaintiff in this legal action" means. This request is not clear and basically requesting any record the Plaintiff has for any entity he has ever been to. This has no relevance to this case and further is only meant to harass the Plaintiff. There is no good faith dispute or relevance as to Plaintiff's records from "other entities". Therefore, this Interrogatory is overly broad and unduly burdensome. Moreover, any claim that the Defendant makes that Plaintiff is a serial litigant is unmerited. Courts have previously ruled that a Plaintiff may file as many cases as necessary to assert federal right to accessibility. Further, this Court previously stated "The number of ADA cases that Plaintiff has filed does not demonstrate that he filed this case in bad faith. See Karakis v. GM Rests., Inc., et al., Case No. 08-60291-CIV-DIMITROULEAS, DE 25 at 2 n.1 (S.D. Fla. filed on May 15, 2008) ("The Court is not influenced by the number of lawsuits filed by Plaintiff, given that he has the right to equal and full access to public accommodation under the ADA and thus is not restricted in the number of lawsuits he brings in asserting those rights.")"[7]. This request seeks extensive information, with no value. Defendant's Motion to Compel fails to explain the relevance of this request and once again offers the argument of "improper fee splitting" with no merit to raise this argument. Plaintiff clearly explained in deposition that he has not received any sort of money or compensation for this case or any other case. In *Behnia v.*

---

[7] DE 23 in this case at page 2-3

**The Shemtov Law Firm, P.A.**
9715 West Broward Boulevard #256· Plantation, Florida 33324·Tel: 954.861.9787·Fax:954.236.3530

*Shapiro,* 176 F.R.D. 277 (N.D. Ill. 1997), the court ruled that fee arrangement between plaintiff and his attorneys was not relevant to show witness bias, in absence of evidence that some of plaintiff's witnesses were helping plaintiff to pay for his legal fees and expenses, and fee arrangement thus was not within proper scope of discovery[8]. In this case, just as in the *Behnia* case, the Plaintiff denied ever receiving any sort of compensation or having any sort of fee splitting arrangement. He clearly and many times explained under oath in deposition that no fee splitting was occurring. There is no reason to believe otherwise and just as in *Behnia*, the Defense has no reason to believe that there is a fee splitting arrangement. The Defendant is just requesting information to harass the Plaintiff and does not explain how this additional information could lead to the discovery of admissible evidence. This discovery request is outside the scope of discovery since it asks for information that is not relevant and the information requested will not lead to admissible evidence.

### III.   DEFENDANT'S REQUEST FOR PRODUCTION NUMBER 28

Defendant seeks to compel "any and all receipts and/or bank records from Plaintiff's credit cards and/or debit cards referring or relating in any way to any entity or individual that the Plaintiff has sued". As explained in Plaintiffs' objections, these requests are overly broad, unduly burdensome, and request information that is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff provided all records that the Plaintiff has for this specific case, however, the fact that the Defendant is asking for "any and all receipts"… "in any way to any entity or individual that the Plaintiff has sued". This has no relevance. This discovery request is

---

[8] "The court finds that the fee arrangement between Behnia and his attorney is not relevant and, thus, is outside the scope of discovery. The Foundation defendants have failed to show the court any basis for their belief that some of Behnia's witnesses might be helping Behnia pay his legal fees. In contrast, Behnia has given the court reason to believe that only Behnia is responsible for his legal fees and expenses. Thus, the court denies the Foundation defendants' motion to compel disclosure of the fee arrangement and grants Behnia's motion for a protective order barring defendants from further questioning Behnia about the fee arrangement between him and his attorney."

outside the scope of discovery since it asks for information that is not relevant and the information requested will not lead to admissible evidence. Further, Plaintiff incorporates all arguments made in responses above in regards to the baseless argument of "fee-splitting" and serial Plaintiff.

### IV. DEFENDANT'S REQUEST FOR PRODUCTION NUMBER 34

Defendant seeks to compel "Any and all documents of any kind reflecting or referring to the names of restaurants that you have visited and/or spent money at in the past two (2) years". As explained in Plaintiffs' objections, these requests are overly broad, unduly burdensome, and request information that is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff provided all records that the Plaintiff has for this specific case, however, the fact that the Defendant is asking for "any and all documents *of any kind reflecting or referring to the names of restaurants that you have visited and/or spent money at in the past two (2) years*". This has no relevance. This discovery request is outside the scope of discovery since it asks for information that is not relevant and the information requested will not lead to admissible evidence. The Defendant does not even explain what "all documents" refers to or what relevance other restaurants the Plaintiff visited has to this case. Further, in deposition, the Plaintiff sat for hours describing what restaurants he has visited and where to find them, even though there is no relevance to this case. This request is not clear and basically requesting any record the Plaintiff has for any entity. This has no relevance to this case and further is only meant to harass the Plaintiff. There is no good faith dispute or relevance as to Plaintiff's records from "other restaurants". Further, Plaintiff incorporates all arguments made in responses above in regards to the baseless argument of "fee-splitting" and serial Plaintiff.

## V.     DEFENDANT'S REQUEST FOR PRODUCTION NUMBER 38

Defendant seeks to compel "Any and all documents of any kind reflecting or referring to photographs taken at or around businesses which you perceived contained violations of Title III of the ADA". As explained in Plaintiffs' objections, these requests are overly broad, unduly burdensome, and request information that is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff provided all records that the Plaintiff has for this specific case, however, the fact that the Defendant is asking for "Any and all documents of any kind reflecting or referring to photographs taken at or around businesses which you perceived contained violations of Title III of the ADA". This has no relevance. Other cases or pictures of other facilities that have no connection to this case is not relevant in any way. This discovery request is outside the scope of discovery since it asks for information that is not relevant and the information requested will not lead to admissible evidence. The Defendant does not even explain what "all documents" refers to or what relevance other restaurants the Plaintiff visited has to this case. Further, in deposition, the Plaintiff sat for hours describing what restaurants he has visited and where to find them, even though there is no relevance to this case. This request is not clear and basically requesting any record the Plaintiff has for any entity. This has no relevance to this case and further is only meant to harass the Plaintiff.  There is no good faith dispute or relevance as to Plaintiff's records from "other restaurants". Further, Plaintiff incorporates all arguments made in responses above in regards to the baseless argument of "fee-splitting" and serial Plaintiff.

## VI.     DEFENDANT'S REQUEST FOR PRODUCTION NUMBER 42

Defendant seeks to compel "Any and all documents of any kind reflecting or referring to what amount of money and/or form of compensation that the Plaintiff's previous lawsuits settled for".

As explained in Plaintiffs' objections, these requests are overly broad, unduly burdensome, and request information that is not reasonably calculated to lead to the discovery of admissible evidence. Other cases have no relevance. The Plaintiff explained in deposition that he has NEVER received any money or compensation for any case he has ever filed. There is no reason to request this information since it has absolutely no relevance to this case. This discovery request is outside the scope of discovery since it asks for information that is not relevant and the information requested will not lead to admissible evidence. Further, Plaintiff incorporates all arguments made in responses above in regards to the baseless argument of "fee-splitting" and serial Plaintiff.

Defendant misleads this Court in his statement that "It should be noted that this district has specifically permitted the discovery of such information regarding prior settlements in this very same context" citing to the "Bado" cases. Undersigned Counsel was not involved in those "Bado" cases but reviewed the public record and it is obvious that those cases have nothing in common and no bearing on this case because in those cases the Plaintiff admitted in deposition to receiving funds from his lawyer for every lawsuit filed. In the "Bado" cases, the Plaintiff was receiving thousands of dollars for each lawsuit filed and admitted to such. The Court was very disturbed and requested to review those settlement agreements. This case has absolutely nothing in common with those cases. There is absolutely no connection between the Plaintiff and/or the Plaintiff's attorney in the "Bado" cases, this is merely an attempt by Defense Counsel to muddy the waters to allow for a fishing expedition. Undersigned Counsel previously in court pleadings and Plaintiff under oath in deposition testified that he never received compensation for ANY lawsuit and only files cases which he encountered violations for the purposes of making the facility compliant for him and people in his position. When asked if he ever encountered barriers which he did not sue for he explained three

situations: (1) A facility in Georgia which he did not sue because he will never go back (2) A facility in Orlando which he did not sue because it was being demolished and (3) A facility that was already in the process of becoming ADA compliant. The Plaintiff's only benefit that he receives from these lawsuits is compliance with the ADA law for the purpose of accessing the facility. Undersigned counsel explained to Defense Counsel that most of the settlements have a confidentiality clause and regardless have NO relevance to this case. It is clear that the Defense are attempting to transform their right to discovery into a fishing expedition in hopes that the Plaintiff will get fed up and drop the case. Further, if this Court opens the door to reveal every settlement for absolutely no reason but a fishing expedition it would be a miscarriage of justice. What the Defendants are asking for is to view private settlements in completely unrelated cases. This would be equivalent to a court allowing a Defendant in a Personal injury case to view the Plaintiffs prior unrelated settlement in a labor case or employment case; one has no bearing on the other.

## VII.    DEFENDANT'S INTERROGATORY NUMBER 15

Defendant seeks to compel "Please identify the name of the individual(s) or entity (or entities) responsible for paying the legal costs, in whole or in part, associated with funding this lawsuit." Plaintiff explained that so far the cases have been settled with Defendants but in the conferral process I explained to Defense Counsel that I would supplement with "As explained in deposition, Shemtov Law Firm paid up front costs for initiating lawsuit." In deposition the Plaintiff explained that the costs are paid by Defendants and the up front costs are paid by this firm. Undersigned Counsel gave a full and thorough response and does not know what more the Defendants are seeking. They do not seemed to be satisfied with this and are seeking information that does not exist. No other clarification can be made.

## VIII.    CONCLUSION

The Plaintiff has made best efforts to comply with Defendant's requests and have furnished all requests made upon the Plaintiff but for the requests that were obviously irrelevant and overbroad. For the reasons set forth above, we respectfully request that the Court deny the Defense's baseless Motion to Compel and not allow the Defendant to flagrantly violate the Discovery rules and procedures and not allow the discovery process to be turned into a fishing expedition.

Respectfully Submitted,

**The Shemtov Law Firm, P.A.**
*Attorney for Plaintiff*

By: S/ Tal Shemtov
**Tal Shemtov, Esquire**
Florida Bar No. 28456
9715 West Broward Blvd. #256
Plantation, Fl 33324
Telephone: (954) 861-9787
Facsimile: (954) 236-3530
SHEMTOVLAWFIRM@YAHOO.COM

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: **11-60274-CV-Cohn/Seltzer**

15
**The Shemtov Law Firm, P.A.**
9715 West Broward Boulevard #256· Plantation, Florida 33324·Tel: 954.861.9787·Fax:954.236.3530

**NOLAN R. CAMPBELL**,

    Plaintiff,

vs.

**MOON PALACE, INC.** *d/b/a*
**PEKING DUCK HOUSE**, a Florida corporation,

    Defendant.
_____/

### *CERTIFICATE OF SERVICE*

I hereby certify that on July 18, 2011, I certify that the foregoing document is being served this day on all counsel of record, corporations, or pro se parties identified on the attached Service List in the manner specified.

### SERVICE LIST


SERVICE LIST
**Glasser, Boreth & Kleppin**
Attorneys for Defendant
8751 W. Broward Blvd.
Suite 105
Plantation, FL 33324
Tel. (954) 424-1933
Fax (954) 474-7405
E-mail: Glabor@aol.com, kzinchiak@gbkemploymentlaw.com
VIA CMECF