UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-60274-CIV-COHN/SELTZER

NOLAN R. CAMPBELL,

       Plaintiff,

v.

MOON PALACE, INC. *d/b/a* PEKING
DUCK HOUSE, a Florida corporation,

       Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR FINAL SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** is before the Court on Defendant Moon Palace, Inc. *d/b/a* Peking

Duck House's Motion for Final Summary Judgment [DE 28] and Plaintiff Nolan R.

Campbell's Motion for Summary Judgment [DE 30]. The Court has considered both

Motions, Plaintiff's Response to Defendant's Motion [DE 35], Defendant's Reply in

Support of its Motion [DE 39], Defendant's Response to Plaintiff's Motion [DE 36], the

parties' related submissions, and the record in this case, and is otherwise advised in the

premises.[1]

## I. BACKGROUND

On February 8, 2011, Plaintiff filed this case for declaratory and injunctive relief

pursuant to Title III of the Americans with Disability Act, 42 U.S.C. § 12181 *et seq.*

("ADA"). <u>See</u> Complaint [DE 1]; Amended Complaint [DE 24]. Plaintiff has a form of

_____

[1] The Court notes that Plaintiff did not file a Reply in support of his Motion, and the time for doing so has passed.

arthritis called arthrogryposis, which confines him to a wheelchair.  Deposition of Nolan

Campbell [DE's 29-2, 29-3] ("Campbell Deposition")at 28:16-19, 3:19-20; see also Am.

Compl. ¶ 3.  In the Amended Complaint, Plaintiff states that he depends on his

wheelchair for mobility, and that he therefore has a "qualified disability" within the

meaning of the ADA.  Am. Compl. ¶ 3.  The Amended Complaint alleges that Plaintiff

visited the Defendant restaurant on January 30, 2011, id. ¶ 12, and that the

Defendant's premises violate the ADA in numerous ways, including non-ADA

compliance in the following areas: exterior and interior doors, the main entrance,

bar/serving counter, cashier desk, aisles, seating, restrooms, and parking, see id. ¶ 15.

On July 15, 2011, the parties filed their cross–Motions for Summary Judgment.

For the reasons discussed below, the Court will grant Defendant's Motion and deny

Plaintiff's Motion.

## II.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 56(a), the Court may grant summary

judgment "if the movant shows that there is no genuine dispute as to any material fact

and the movant is entitled to a judgment as a matter of law."   Fed. R. Civ. P. 56(a).

The movant "bears the initial responsibility of informing the district court of the basis for

its motion, and identifying those portions of [the record] which it believes demonstrate

the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S.

317, 323 (1986).  To discharge this burden, the movant must show that "there is an

absence of evidence to support the non-moving party's case." Id. at 325.

After the movant has met its burden, the burden of production shifts to the non-

moving party, who "must do more than simply show that there is some metaphysical

2

doubt as to the material facts." <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986).  "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact [the Court may] grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it."  Fed. R. Civ. P. 56(e)(3).

At the summary judgment stage, the Court's function is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249 (1986).  In making this determination, the Court must decide which issues are material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted." <u>Id.</u> at 248.

### III. ANALYSIS

In Plaintiff's Motion, he contends that he is entitled to summary judgment because he has proved that Defendant's premises violate the ADA and Defendant has offered no evidence to the contrary.  In Defendant's Motion, Defendant argues that Plaintiff cannot prevail on his ADA claims because he has no standing to bring his suit, the case is moot, and even if Plaintiff did have standing, he has not made out a *prima facie* case.[2]  In accordance with the discussion below, the Court finds that Plaintiff lacks

---

[2]  Defendant also argues that the Court should dismiss this case in its entirety based on the "serial plaintiff" defense and the *in pari delicto* defense (based on Plaintiff's counsel allegedly splitting fees with Plaintiff).  Def.'s Mot. at 14-16, 16-19; Def.'s Reply at 8-9; Def.'s Resp. at 15-18, 18-20.  On August 19, 2011, after the parties completed their briefing on their Motions for Summary Judgment, United States Magistrate Judge Barry S. Seltzer entered his Order on Motion to Compel Discovery

standing to bring his claims.  As such, the Court does not reach the parties' remaining arguments.

## A. Legal Standard for Standing

Federal courts are courts of limited jurisdiction.  See 13 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3522 (2d ed. 1984 & Supp. 2008).  A claim cannot proceed in federal court if the plaintiff does not have standing.  Valley Forge Christian Coll. v. Am. United for Separation of Church & State, 454 U.S. 464, 471 (1982); see also Stalley v. Orlando Reg'l Healthcare Sys., Inc., 524 F.3d 1229, 1232 (11th Cir. 2008) ("Because standing is jurisdictional, a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1)." (internal quotations omitted)).

A standing challenge can be either "facial" or "factual."  Lawrence v. Dunbar, 919 F.2d 1525, 1528-29 (11th Cir. 1990).  Facial challenges attack standing based solely on the allegations in the complaint and any exhibits attached to the complaint, see Stalley, 524 F.3d at 1233, and the district court takes the allegations in the complaint as true

---

[DE 42] ("August 19th Order"), holding, "Defendant has failed to demonstrate that an *in pari delicto* defense is a viable defense in an ADA action and if it were, that it is applicable under the facts of this case.  The Court further finds that there exists no *per se* 'serial plaintiff' defense."  Aug. 19th Order at 9.  On September 13, 2011, the undersigned entered his Order Dismissing Defendant's Appeal to the August 19th Order [DE 57] ("September 13th Order") and agreeing with Judge Seltzer that Defendant has not demonstrated, and the Court's own research has not shown, that either the *in pari delicto* defense or the "serial plaintiff" defense applies to an ADA action.  Sept. 13th Order at 4-5.  Nothing in Defendant's Motion, Response to Plaintiff's Motion, or Reply in support of its own Motion, demonstrates otherwise.  Therefore, in accordance with Judge Seltzer's August 19th Order and the undersigned's September 13th Order, the Court declines to grant Defendant's request for summary judgment based on either the "serial plaintiff" defense or the *in pari delicto* defense.

4

when deciding the motion, <u>Lawrence</u>, 919 F.2d at 1529.  Factual attacks challenge

standing in fact, encompassing matters outside of the pleadings, and therefore allow

the district court to consider extrinsic evidence such as testimony and affidavits.  <u>Id.</u>

When the attack is facial, the trial court must afford the plaintiff the benefit of

"safeguards similar to those provided in opposing a Rule 12(b)(6) motion—the court

must consider the allegations of the complaint to be true."  <u>Id.</u> at 1529 (citations

omitted).  But when the attack is factual,

> the trial court may proceed as it never could under [Rule] 12(b)(6) or [Rule]
> 56.   Because at issue in a factual 12(b)(1) motion is the trial court's
> jurisdiction—its very power to hear the case—there is substantial authority
> that the trial court is free to weigh the evidence and satisfy itself as to the
> existence of its power to hear the case.  In short, no presumptive truthfulness
> attaches to plaintiff's allegations, and the existence of disputed material facts
> will not preclude the trial court from evaluating for itself the merits of
> jurisdictional claims.

<u>Id.</u> (citations omitted).

### B. Plaintiff's Standing

To establish constitutional standing to bring his lawsuit, Plaintiff must

demonstrate that (1) he suffered an injury in fact; (2) the injury was causally connected

to the defendant's action; and (3) the injury will be redressed by a judgment in the

plaintiff's favor.  <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560-61 (1992); <u>Shotz v.</u>

<u>Cates</u>, 256 F.3d 1077, 1081 (11th Cir. 2001) (applying <u>Lujan</u> standing test to ADA

case).  In addition, "a party has standing to seek injunctive relief only if the party

alleges, and ultimately proves, a real and immediate—as opposed to a merely

conjectural or hypothetical—threat of future injury."  <u>Wooden v. Bd. of Regents of Univ.</u>

<u>Sys. of Ga.</u>, 247 F.3d 1262, 1284 (11th Cir. 2001)); <u>Shotz</u>, 256 F.3d at 1081 (affirming

district court's dismissal of ADA claim for plaintiff's failure to allege real and immediate threat of future discrimination).  "Injury in the past . . . does not support a finding of an Article III case or controversy when the only relief sought is a declaratory judgment." Malowney v. Fed. Collection Deposit Group, 193 F.3d 1342, 1348 (11th Cir. 1999); see also Shotz, 256 F.3d at 1082 (holding complaint containing only past incidents of discrimination did not support a finding of Article III standing).

In Defendant's Motion and in its Response to Plaintiff's Motion, Defendant challenges Plaintiff's standing in this case based on actual injury and the threat of future discrimination.  Further, Defendant's challenge is factual because it is based on matters outside of the pleadings.  See Lawrence, 919 F.2d at 1529.

## 1. Actual Injury

Defendant contends that Plaintiff has not demonstrated that he was actually injured by each alleged barrier identified in his Amended Complaint.  Plaintiff's entry into Defendant's restaurant "does not automatically confer upon him a presumption that he was injured by any and all architectural barriers therein."  Access Now, Inc. v. S. Fla. Stadium Corp., 161 F. Supp. 2d 1357, 1365 (S.D. Fla. 2001).  Rather, "his entitlement to relief depends on his showing that he was in fact injured, or subject to discrimination, as a result of the alleged violations."  Id.

The Amended Complaint alleges thirty-seven ADA violations.  Am. Compl. ¶ 15. Yet, at Plaintiff's deposition, he identified only the following five alleged ADA violations: (1) there might not have been marked handicapped parking spots, see Campbell Dep. at 207:1-11, 207:15-18, 208:11-14; (2) the handicapped spots were not wide enough, id. at 214:23-25, 215:1, 215:8-11; (3) the bathroom stalls were too small, id. at 210:10-

6

14; (4) the urinal was too high, id. at 210:16-19, 210:25, 211:1-7; and (5) the tables

were too low, id. at 208:18-19.[3]  When asked if these were "all the issues that you have

had with the Peking Duck House," id. at 213:5-6, Plaintiff responded, "Yes," id. at 213:7.

When asked, "There's nothing else at the Peking Duck House that affected you

personally that we haven't already talked about, correct?," id. at 213:8-10, Plaintiff

responded, "Honestly, no," id. at 213:11.  Counsel asked, "Correct?," id. at 213:12, and

Plaintiff responded, "Correct," id. at 213:13.  Plaintiff never mentioned the vast majority

of violations alleged in the Amended Complaint.[4]  See Am. Compl. ¶ 15.  He even

testified that he did not used the sink, Campbell Dep. at 212:21-23, even though the

Amended Complaint alleges that Defendant failed to provide an accessible soap

dispenser, Am. Compl. ¶ 15 (xii)(ix).  Like the plaintiff in South Florida Stadium, who did

---

[3]  Later in his deposition, Plaintiff also mentioned a potential violation regarding the ramp.  Campbell Dep. at 243:14-21.  He admitted, "it didn't cause me any issues," id. at 243:23-24, but stated, "it may affect someone else because it wasn't even with the street," id. at 244:1-2.  Article III standing requires an injury to the plaintiff who brings the case, not to a hypothetical other person.  See South Florida Stadium, 161 F. Supp. 2d at 1364 ("Plaintiffs lack standing to complain about violations on behalf of all disabled individuals, as this would expand the standing doctrine beyond the limits of Article III."); see also Lewis v. Casey, 518 U.S. 343, 358 n.6 (1996).

[4]  For instance, Plaintiff did not mention non-compliant interior and exterior doors, obstructions in the main entrance and walkways, a non-compliant bar/serving counter, non-compliant cashier area, non-compliant hostess stand, insufficiently wide aisles, lack of informational signage at the emergency exit, a safe and accessible emergency exit, lack of informational signage on the restroom entrance, non-compliant restroom doors, lack of maneuvering clearance at the restroom entryway and en route to the restroom, lack of compliance grab bars in the restroom, lack of an accessible soap dispenser and paper towel dispenser, lack of an accessible toilet paper dispenser, lack of required clearance from the floor to the bottom of the apron under the lavoratories, lack of compliant lavoratory controls, lack of an accessible path of access from handicapped parking spaces to the facility, improperly demarcated access aisles of the handicapped parking spaces, lack of handicapped spaces designated as "van accessible."  Am. Compl. ¶ 15.

not have standing to complain about barriers in a stadium's parking lot, concession stands, or signage because he had only encountered difficulty with seating and the restrooms, South Florida Stadium, 161 F. Supp. 2d at 1366, the instant Plaintiff has not demonstrated that he has standing to bring claims for barriers in areas other than those he identified in his deposition.  Plaintiff has not submitted any affidavits or declarations, nor has he directed the Court to any other deposition testimony in support of the other alleged violations.  This Court will not "piece together support for" his other claims. Shotz, 256 F.3d at 1081.

In his Response, Plaintiff appears to argue that he has standing to bring claims for any violations present in Defendant's restaurant that could affect mobility impaired people generally, but the standing doctrine requires that the plaintiff himself "was in fact injured, or subject to discrimination, as a result of the alleged violations."  South Florida Stadium, 161 F. Supp. 2d at 1365.  "Plaintiff[] lack[s] standing to complain about violations on behalf of all disabled individuals, as this would expand the standing doctrine beyond the limits of Article III."  Id. at 1364; see also Lewis v. Casey, 518 U.S. 343, 358 n.6 (1996) ("standing is not dispensed in gross . . . . [n]or does a plaintiff who has been subject to injurious conduct of one kind possess by virtue of that injury the necessary stake in litigating conduct of another kind, although similar, to which he has not been subject." (citations and quotations omitted)).  Plaintiff also points out that he has standing as long as he had "actual notice" of violations of the ADA throughout the facility.  Resp. at 6 (citing South Florida Stadium, 161 F. Supp. 2d at 1364, and Parr v. L&L Drive-Inn Restaurant, 96 F. Supp. 2d 1065, 1079-80 (D. Haw. 2000)).  However, Plaintiff presents no evidence that he had actual notice of all of the violations alleged in

8

his complaint other than his counsel's statement in the Response, unsupported by a citation to any part of the record, that "Plaintiff had independent knowledge of the violations before the Complaint was filed and therefore has standing." Id.

As the party invoking federal jurisdiction, Plaintiff bears the burden of establishing each element required for standing. Lujan, 504 U.S. at 555. Additionally, as the non-moving party responding to Defendant's Motion for Summary Judgment, Plaintiff bears the burden of showing "more than simply . . . that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586. "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact [the Court may] grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(3). Plaintiff has not met his burden of establishing the actual injury element required for standing as to every one of the alleged barriers included in his Amended Complaint. He has not provided citations or evidence in support of any assertions of fact, and the Defendant's Motion and supporting materials show that Defendant is entitled to summary judgment based on lack of standing for any alleged violations in areas other than those Plaintiff identified at his deposition.

## 2. Future Discrimination

Even with respect to the alleged violations supported by Plaintiff's deposition testimony, Plaintiff still only has standing if he shows a real and immediate threat that he will suffer future discrimination by Defendant. See Shotz, 256 F.3d at 1081. The threat of future discrimination is not sufficiently real and immediate when it is purely speculative whether a plaintiff will visit the defendant premises in the future, Proctor v.

9

Prince George's Hosp. Ctr., 32 F. Supp. 2d 830, 833 (D. Md. 1998), when it is highly unlikely that a plaintiff will experience future discrimination by the defendant, Hoepfl v. Barlow, 906 F. Supp. 317, 320 (E.D. Va. 1995), or when a plaintiff has spent only a limited amount of time in the defendant's area for a specific reason, Aikins v. St. Helena Hosp., 843 F. Supp. 1329, 1333 (N.D. Cal. 1994).

Defendant argues that Plaintiff's "threat of future injury is conjectural or hypothetical, because the Plaintiff has no intent to regularly patronize [Defendant's restaurant] in the future." Def.'s Mot. at 9. The Amended Complaint does allege that Plaintiff "intends on visiting the facility in the very near future," Am. Compl. ¶ 3, and "intends to gain access into and use the restaurant owned by Defendant in the future," id. ¶ 4, but at the summary judgment stage, "the plaintiff can no longer rest on mere allegations," Bochese v. Town of Ponce Inlet, 405 F.3d 964, 976 (11th Cir. 2005); Access 4 All v. Oak Spring, Inc., 2005 WL 1212663, at *4 (M.D. Fla. May 20, 2005).[5] Moreover, in a factual attack on standing, such as this one, no presumptive truthfulness attaches to the allegations in the Amended Complaint. See Lawrence, 919 F.2d at 1529; see also Bochese, 405 F.3d at 976 ("As with any summary judgment determination, [the court] look[s] beyond the complaint, to the 'depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any.'" (quoting

---

[5] Plaintiff argues that he meets the standing requirements articulated in Stevens v. Premier Cruises, Inc., 215 F.3d 1237, 1239 (11th Cir. 2000), but Stevens merely found that the district court should have permitted the plaintiff to amend her complaint to plead standing by alleging, "in the near future, she would take another cruise aboard Defendant's ship." Id. Here, Defendant does not dispute that Plaintiff has alleged standing in his Amended Complaint. Rather, Defendant presents a factual attack as to whether Plaintiff actually has standing.

Federal Rule of Civil Procedure 56(c)).

Defendant points to Plaintiff's deposition testimony that he "[didn't] have any intent [] to patronize [Defendant's restaurant] on a regular basis in the future." id. at 225:2-5 (emphasis added).  Additionally, Defendant highlights that after estimating that Defendant's restaurant is a 25 to 30 minute drive from his home, Campbell Dep. at 164:5-7, Plaintiff agreed that "a restaurant that's 25 to 30 minutes away from [his] house [was not one he was] going to regularly patronize in the future," id. at 224:13-17 (emphasis added).  Though the legal standard does not necessarily require an intent to visit the Defendant premises *regularly*, the law does require a real intent to return to the premises.  See, e.g. Shotz, 256 F.3d at 1082.[6]

At his deposition, Plaintiff expressed that he "would probably most likely end up going back again."  Campbell Dep. at 224:21-24.  Though Plaintiff need not go so far as pinpointing a specific date on which he anticipates returning to Defendant's restaurant, an intent to return "some day" is insufficient to demonstrate standing.  Lujan, 504 U.S. at 564 ("Such 'some day' intentions—without any description of concrete plans, or indeed even any specification of when the some day will be—do not support a finding of the 'actual or imminent' injury that our cases require").  Further, "'imminence' is concededly a somewhat elastic concept, [but] it cannot be stretched beyond its

---

[6] Defendant represents that the law requires an intent to return *regularly*, but the sole case Defendant's Reply cites in support of the proposition that the ADA requires an intent to return to the defendant's premises regularly is Shotz, see Reply at 7. Defendant fails to explain, and this Court does not see how Shotz requires *regular* future patronage.  Shotz requires only an "immediate and real threat of future injury." Shotz, 256 F.3d at 1082.

purpose, which is to ensure that the alleged injury is not too speculative for Article III purposes—that the injury is 'certainly impending.'" Id. at 564 n.2 (citing Whitmore v. Arkansas, 495 U.S. 149, 158 (1990).  Plaintiff's statement that he would "probably most likely end up going back again," without any other affidavits, declarations, or other supportive evidence demonstrating an intent to visit Defendant's premises in the future, is too speculative for Article III purposes.

Like the plaintiff in Rosenkratz v. Markopoulos, 254 F. Supp. 2d 1250, 1253 (M.D. Fla. 2003), this Plaintiff has failed to meet the "real and immediate" requirement for injunctive relief.  Though the Rosenkratz plaintiff lived farther away from the defendant hotel than this Plaintiff lives to Defendant's restaurant, the Rosenkratz plaintiff had been to the defendant's hotel location only once, and there were countless other hotels where he could stay ("several of which he sued because he intends to stay there in the future," id. at 1253), just as this Plaintiff has only been to Defendant's restaurant twice, but only ate there once, see supra, and prefers at least four other Chinese restaurants over Defendant's restaurant, see Campbell Dep. at 222:17-21. Similar to the Rosenkrantz plaintiff, whose "future travel plans [were] just 'some day' intentions and lack[ed] any description of concrete plans or anything more definite than that he will travel to the Tampa Bay area in the next year or two probably," id., Plaintiff's plans are no more definite than "probably most likely," Campbell Dep. at 224:21-24, at 1253.  The Rosenkrantz's plaintiff's travel to the defendant's area was "irregular, occasional, and infrequent," id., and here, Plaintiff admits that a restaurant as far away as Defendant's is not one he will patronize regularly in the future, Campbell Dep. at

224:13-17.

As noted above, Plaintiff bears the burden of both demonstrating that he has standing to bring his claims and showing that there is more than mere metaphysical doubt as to material facts supporting Defendant's request for summary judgment.  See supra (citing Lujan, 504 U.S. at 555, Matsushita, 475 U.S. at 586, and Fed. R. Civ. P. 56(e)(3)).  Additionally, the Local Rules for the Southern District of Florida provide that "[t]he papers opposing a motion for summary judgment shall include . . . necessary affidavits," S.D. Fla. L.R. 7.5(b), and that "[t]he statement of material facts submitted either in support of or in opposition to a motion for summary judgment shall . . . [b]e supported by specific references to pleadings, depositions, answers to interrogatories, admissions, and affidavits on file with the Court," S.D. Fla. L.R. 7.5(c).  Plaintiff has submitted no affidavits attesting to his intent to return to Defendant's restaurant, and his Response to Defendant's Motion contains virtually no citations to the record evidence. The arguments in Plaintiff's Response that he "stated he fully intends to return and works in close proximity to the restaurant," Pl.'s Resp. at 9, that Plaintiff "has full intention of returning to this facility in its entirety," id. at 8, and that Plaintiff "intends to return but fears discrimination," id. at 4 constitute nothing more than conclusory argument of counsel, which is not appropriate for consideration at the summary judgment stage.  See Leigh v. Warner Bros., Inc., 212 F.3d 1210, 1217 (11th Cir. 2000) ("This court has consistently held that conclusory allegations without specific supporting facts have no probative value." (citations and quotations omitted)).

In Plaintiff's Response, rather than citing any record evidence demonstrating that

13

he does have standing, Plaintiff cites a variety of cases in attempt to show legal support that he has standing to bring his claims.  Despite the fact that a non-movant's burden in opposing summary judgment requires "support[] by specific references to pleadings, depositions answers to interrogatories, admissions, and affidavits on file with the Court," S.D. Fla. L.R. 7.5(b), (c), Plaintiff's legal arguments also do not demonstrate that he has standing.  For instance, Plaintiff writes that in Pickern v. Holiday Quality Foods, Inc., 293 F.3d 1133, 1138 (Cal. 2002), the court "held that plausibility [of intent to return to the facility] was present, despite plaintiff residing 70 miles from defendant's facility, because he visited his grandmother in the area and enjoyed shopping at defendant's franchises," Resp. at 7 (citing Pickern, 293 F.3d at 1138), but here, Plaintiff points to no record evidence that he has any special reason to visit the Defendant's restaurant's area, or that he particularly enjoys dining at the Defendant's restaurant.  Indeed he conceded in his deposition that he had only dined at Defendant's restaurant once. Campbell Dep. at 138:16-17; 140:3-15, 151:12-16.  Plaintiff also cites D'Lil v. Stardust Vacation Club, Civ-S-00-1496, 2001 WL 1825832, at *4 (E.D. Cal. Dec. 21, 2001), for the proposition that "plaintiff demonstrated imminent future injury because she had a history of travel to the area, and she had particular reasons for seeking accommodation at the hotel," Pl.'s Resp. at 7, and Parr v. L & L Drive-Inn Restaurant, 96 F. Supp. 2d 1065, 1080 (D. Haw. 2000), for the proposition that the "plaintiff had demonstrated standing because of his preference for defendant's franchises," Pl.'s Resp. at 7.  Yet, Plaintiff cites no evidence demonstrating any particular reason that he would patronize Defendant's restaurant in the future or any preference for Defendant's restaurant over

14

others.  Rather, at Plaintiff's deposition, he identified four other Chinese restaurants he likes better than Defendant's restaurant.  <u>See</u> Campbell Dep. at 222:17-21.  Plaintiff also cites <u>Association for Disabled Americans v. Claypool Holdings</u>, 2001 WL 1112109, at *20 (S.D. Ind. Aug. 6, 2001), for the proposition that a "plaintiff had standing who 'expressed a desire to stay overnight at the Embassy Suites on future visits to Indianapolis if the hotel were ADA compliant' and who presented evidence that he traveled to Indianapolis at least once a year," Pl.'s Resp. at 7, and <u>South Florida Stadium</u>, 161 F. Supp. 2d at 1364, for the proposition that "plaintiff who testified that he would return to [the] stadium, particularly if the alleged barriers were removed, had standing," Pl.'s Resp. at 7.  Yet, Plaintiff points to no record evidence that he had a history of travel to Defendant's area for the purpose of dining, and instead stated at his deposition that he would not regularly visit a restaurant so far away from his home. Campbell Dep. at 224:13-17.  Further, Plaintiff cites no testimony stating that he would return to the Defendant's restaurant if the alleged barriers were removed.  Finally, as for Plaintiff's reference to <u>Access 4 All, Inc. v. Trump International Hotel</u>, 458 F. Supp. 2d 160, 168 (S.D.N.Y. 2006), the plaintiff there showed a genuine question of material fact regarding his intent to return to the defendant's premises where he had visited New York City 15 times in the previous 3 years, he already had more trips planned to the city, he had personal and family connections in the area and conducted business in New York City, and had visited the defendant's premises on prior trips.  <u>Trump</u>, 458 F.2d at 168.  Here, though Plaintiff's Response states that he lives in the same county as the Defendant's restaurant, he has only visited Defendant's restaurant twice,

Campbell Dep. at 138:16-17, and the first time, he did not even stay to eat, id. at 140:3-15, 151:12-16; instead, he "[l]eft with no problem," id. at 141:23, after "[n]o more than three minutes," id. at 142:6-7.  Further, the Trump plaintiff stated "a definite intention to return to [the defendant's premises] to visit the shops and to eat in its restaurants," id., whereas this Plaintiff stated only that he "would probably most likely end up going back again," Campbell Dep. at 224:21-24.

Accordingly, the Court finds that Plaintiff has not demonstrated standing to bring his claims.  As a result, the Court will enter summary judgment in Defendant's favor and deny Plaintiff's request for summary judgment.

## IV. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Defendant Moon Palace, Inc. *d/b/a* Peking Duck House's Motion for Final Summary Judgment [DE 28] is **GRANTED**.  Plaintiff Nolan R. Campbell's Motion for Summary Judgment [DE 30] is **DENIED**.  The Court will enter a separate judgment consistent with the above ruling.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 21st day of September, 2011.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF