UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-60274-CIV-COHN/SELTZER

NOLAN R. CAMPBELL,

    Plaintiff,

v.

MOON PALACE, INC. *d/b/a* PEKING
DUCK HOUSE, a Florida corporation,

    Defendant.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S
MOTION TO EXCLUDE UNTIMELY EXHIBITS AND WITNESSES, AND
MOTION TO EXCLUDE PLAINTIFF'S EXPERTS AND EXPERT REPORT**

**THIS CAUSE** is before the Court on Defendant Moon Palace, Inc. d/b/a Peking Duck House's Motion to Exclude Untimely Exhibits and Witnesses, and Motion to Exclude Plaintiff's Experts and Expert Report [DE 79].  The Court has considered the motion, Plaintiff Nolan R. Campbell's Response [DE 80], Defendant's Reply [DE 83], and the record in this case, and is otherwise fully advised in the premises.

**I. BACKGROUND**

On February 8, 2011, Plaintiff filed this case for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA").  See Complaint [DE 1]; Amended Complaint [DE 24].  On September 21, 2011, the Court entered an Order Granting Defendant's Motion for Final Summary Judgment and Denying Plaintiff's Motion for Summary Judgment [DE 64] and a Final Judgment [DE 65] in favor of Defendant and against Plaintiff.  Thereafter, on December 15, 2011, the Court entered an Order Granting Reconsideration and Reopening Case

[DE 77].  The Court then issued a new Scheduling Order [DE 78] resetting the case for trial and setting a December 27, 2011 deadline for Motions to Exclude or Limit Expert Testimony and a February 21, 2012 deadline for Motions in Limine.  On December 27, 2011, Defendant filed the instant Motion to exclude from trial certain witnesses and exhibits.

## II. DISCUSSION

In its Motion, Defendant requests to exclude as untimely two of Plaintiff's exhibits, "Broward Property Appraisal of the Subject Facility" (Exhibit No. 4) and "Attorney's Time Sheet and Breakdown of Cost" (Exhibit No. 5), and two of Plaintiff's witnesses, Richard L. Wester (Witness C) and the "Attorney Fee's Expert" (Witness D).  See Mot.; Plaintiff's Exhibit List [DE 54-3]; Plaintiff's Witness List [DE 54-4].  Defendant also seeks to exclude Plaintiff's expert, Caroline (Shemtov) Greenberg (Witness B), her expert report (Exhibit No. 1), and the photographs reflecting ADA violations (Exhibit No. 2).  See id.  Plaintiff objects to exclusion of these exhibits and witnesses.  See Resp.  For the reasons discussed below, the Court will grant the request to exclude the "Attorney's Time Sheet and Breakdown of Cost" exhibit, the "Attorney Fee's Expert" exhibit, and Witness Richard L. Wester.  However, the Court will deny all remaining requests.

### A. Attorney's Fees Exhibits and Witness

Initially, the Court notes that Defendant's request to exclude the "Attorney's Time Sheet and Breakdown of Cost" exhibit and "Attorney's Fee Expert" witness is not actually in dispute.  Plaintiff explains in his Response that he only included these items

on his exhibit and witness lists for use in seeking fees in the event that he wins at trial. See Resp. at 10.  Plaintiff represents that he does not intend to produce evidence regarding attorney's fees at trial on the merits of the case.  See id.  Therefore, the request to exclude the "Attorney's Time Sheet and Breakdown of Cost" exhibit and the "Attorney's Fee Expert" witness will be granted.

### B. Property Appraisal Exhibit

Next, Defendant seeks to exclude the "Broward Property Appraisal of the Subject Facility" exhibit ("property appraisal").  In its Motion, Defendant argues that Plaintiff's disclosure of the exhibit was untimely.  Federal Rule of Civil Procedure 26(a) requires disclosure of "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(ii).  In addition, "[a] party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A).

The Court's Scheduling Order [DE 11] required the parties to exchange Rule 26(a) initial disclosures by May 20, 2011.  See Scheduling Order at 1.  Plaintiff served his Rule 26 Initial Disclosures [DE 58-1] on May 11, 2011.  Plaintiff never supplemented his Initial Disclosures.  However, Defendant notes that on September 9, 2011, as the

parties were preparing to file their Joint Pretrial Stipulation [DE 54], Plaintiff revealed for the first time certain exhibits, including the property appraisal.  See Mot. at 3; Plaintiff's Exhibit List.  By this time, discovery had been closed for two months, and trial was only one week away.  See Scheduling Order [DE 11] (setting July 1, 2011 discovery deadline and September 19, 2011 trial date).

Plaintiff does not deny that his disclosure of the exhibit was untimely under Rule 26.  However, he argues that such disclosure was not required because the property appraisal will only be introduced in Plaintiff's rebuttal case, not in his case-in-chief.  See Resp. at 4-6.  Plaintiff explains that the property appraisal "is a rebuttal exhibit to be used at trial to rebut potential testimony at trial from Defendant in conjunction with the Defendant's ability to pay for the ADA modifications."  Resp. at 6.

In its Reply, Defendant argues that the property appraisal may not be relevant, that Plaintiff would have to lay the proper foundation before using this exhibit at trial, and that the exhibit might be more prejudicial than probative.  Reply at 7-8.  Although Plaintiff will ultimately have to lay a proper foundation for his exhibit, the Court finds that exclusion is not necessary at this time.  In the event that Plaintiff seeks to introduce this exhibit at trial, Defendant may raise any appropriate objections and ask appropriate cross-examination questions at that time.  At this stage, however, the request to exclude the property appraisal will be denied.

Additionally, Defendant has requested an additional 60 days to engage in discovery in the event that its request to exclude any of the untimely exhibits or witnesses is denied.  The Court finds this request to be unnecessary, and therefore it will be denied.

### C. Witness Richard L. Wester

Defendant also requests to exclude Rebuttal Expert Richard L. Wester due to Plaintiff's failure to disclose him in accordance with Rule 26. This rule requires "a party [to] disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705 [the expert testimony rules]." Fed. R. Civ. P. 26(a)(2)(A); see also S.D. Fla. L.R. 16.1(k). "[T]his disclosure must be accompanied by a written report . . . if the witness is one retained or specially employed to provide expert testimony in the case . . ." Fed. R. Civ. P. 26(a)(2)(B). Plaintiff did not disclose Mr. Wester until September 12, 2011, see Mot. at 3; Plaintiff's Witness List [DE 54-4], and Plaintiff did not provide a written expert report. As noted above, by this time, discovery had been closed for two months, and trial was only one week away. See Scheduling Order [DE 11] (setting July 1, 2011 discovery deadline and September 19, 2011 trial date). The July 1, 2011 expert discovery deadline set in the Court's Scheduling Order had long expired. See Scheduling Order at 1.

Plaintiff does not deny that he failed to disclose Mr. Wester before the Court's expert discovery deadline or in accordance with Rule 26(a)(2)(A) and (B). Instead, Plaintiff contends that Mr. Wester's disclosure was not improper because he will serve only as a rebuttal expert witness to challenge live hearing testimony, and will not be introduced in Plaintiff's case-in-chief. See Resp. at 4-6. Plaintiff listed the witness on his final trial witness list as "Richard L. Wester, CFE Expert Forensic Accountant" from "Forensic Accounting & Investigative Services, LLC," and an "Expert in Forensic Accounting" and "Rebuttal Witness." See Plaintiff's Witness List at 2. Additionally, Plaintiff explains in his Response that Mr. Wester "was added based on the fact that the

Defendant listed the Corporate tax records which were not listed previously," id., and "[i]f called at trial, he will testify only on the testimony and exhibits given by Defendant's witnesses [and] . . . explain, counteract, or disprove facts communicated in open court," id.

Though the Court's Scheduling Order did not provide a deadline for rebuttal expert disclosures, both Rule 26 and the Local Rules contemplate disclosures of rebuttal expert witnesses and specify the timing for such disclosures.  See Dunn v. Zimmer, Inc., No. 3:00CV1306 (DJS), 2005 WL 563095, at *2 (D. Conn. Mar. 9, 2005) (noting that Rule 26(a)(2)'s disclosure requirements for rebuttal experts "is a default that may be avoided by court order or by stipulation of the parties.").  Specifically, Rule 26(a)(2)(D) states, "if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), [then disclosure must be made] within 30 days after the other party's disclosure."  Fed. R. Civ. P. 26(a)(2)(D)(ii).  The rule also directs that if the expert witness is one who need not provide a written report, then "disclosure must state: (i) the subject matter on which the witness is expected to present evidence . . . and (ii) a summary of the facts and opinions to which the witness is expected to testify."  Fed. R. Civ. P. 26(a)(2)(C).  Local Rule 16.1 for the Southern District of Florida similarly provides "that if the expert opinion evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party's expert, then the expert summary or report shall be served no later than thirty (30) days after the expert summary or report is served by the other party."  S.D. Fla. L.R. 16.1(k).  Indeed, Plaintiff's Response cites Rule 26 for the proposition that "rebuttal expert testimony must address the 'same subject matter'

identified by the initial expert." Resp. at 3 (citing Fed. R. Civ. P. 26(a)(2)(C)(ii)).

However, as Defendant notes, it "*does not have* a forensic accountant expert for Wester to rebut, nor does Defendant intend to have one at trial in this case." Reply at 4; see also Defendant's Witness List [DE 54-2] (no mention of a forensic accounting expert). Although Plaintiff argues that he retained Mr. Wester in response to Defendant's disclosure of corporate tax records, see Resp. at 4, the corporate tax records were not identified as evidence to be presented by a Defense expert. Plaintiff cites case law for the proposition that "[f]ailure to grant a party the opportunity to present expert witness testimony in rebuttal on elements of proof necessary to defend its case is prejudicial," Resp. at 3 (citing various criminal cases), but if Mr. Wester's expert witness testimony were necessary to prove Plaintiff's case, then Plaintiff should have disclosed him as a witness in his initial disclosures. Then Defendant would have had an ample opportunity to engage in discovery related to Mr. Wester's opinions.

Pursuant to Federal Rule of Civil Procedure 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1) (emphasis added). Plaintiff failed to identify Mr. Wester as required under Rule 26(a), and Plaintiff has not shown that Mr. Wester's untimely disclosure was substantially justified or harmless. Defendant, in contrast, argues that Plaintiff's failure to disclose Mr. Wester until the eve of trial was highly prejudicial. See Mot. at 8. Defendant had no notice of Mr. Wester until it was too late to learn anything about him, investigate his qualifications, depose him, or review his opinions. The record lacks a

7

copy of Mr. Wester's resume and qualifications, as well as any information on cases in which he has testified in the past, his supposed expertise in forensic accounting, and his participation in this case.  In this instance, Mr. Wester's late disclosure violated Rule 26, and permitting him to testify at trial would be harmful to Defendant.  Therefore, the Court will grant the request to exclude Mr. Wester from testifying as a rebuttal expert witness on forensic accounting.[1]  See, e.g., Dunn, 2005 WL 563095, at *2 (excluding rebuttal expert because party failed to comply with Rule 26(a)(2)'s disclosure timing requirements and because permitting rebuttal expert testimony would be prejudicial to opposing party).

### D. Caroline (Shemtov) Greenberg, Her Expert Report, and the Photographs Reflecting ADA Violations

Finally, Defendant seeks to exclude Mrs. Greenberg, her expert report, and the photographs reflecting ADA violations.  In support of its argument, Defendant first complains that it did not know that Caroline Greenberg was the same person as Caroline Shemtov until September 12, 2011.  See Mot. at 4.  The initial disclosures listed "Caroline Shemtov, ADA Compliance Expert, General Contractor Elite American, Inc.," see Plaintiff's Initial Disclosures [DE 17-2], and the name on the expert report is "Caroline Greenberg, General Contractor CGC 1510571, Elite American, Inc.," see Expert Report [DE 71-3].  Plaintiff explains that Caroline Shemtov's married named is Greenberg.  Resp. at 8.  As Plaintiff notes, Defendant could very well have inferred that

---

[1] There is also no evidence to suggest that Mr. Wester could serve as a fact witness because he does not have any knowledge pertaining to this case.  In the Response, Plaintiff admitted, "Richard Wester has not made a report nor even reviewed facts in this case." Resp. at 6.

Caroline Shemtov and Caroline Greenberg were the same person, but Defendant also could have sought out this information during discovery. Further, despite the opportunity to depose Mrs. Greenberg, Defendant did not do so. The Court finds no prejudice based on Mrs. Greenberg's name change and will not exclude her or her report or photographs on this basis.

Next, Defendant disputes Mrs. Greenberg's qualifications as an ADA expert because she has testified for the same Plaintiff in many other ADA cases, and because she is Plaintiff's counsel's sister. See Mot. at 5, 9-10. Based on a review of Mrs. Greenberg's resume and the list of cases in which she has testified, the Court does not find her to be unqualified under the applicable criteria. See Daubert v. Merrel-Dow Pharm., 509 U.S. 579 (1993). The Court also finds no authority for the proposition that Mrs. Greenberg's sibling relationship to Plaintiff's counsel disqualifies her from serving as an expert witness. Finally, the Court will not disqualify Mrs. Greenberg's based on Defendant's allegation that Plaintiff's counsel used to serve as the president of Mrs. Greenberg's employer company.[2]

Defendant may have grounds for cross-examining Mrs. Greenberg based on these arguments, but "[t]he fact that one has grounds for cross-examination[] does not mean testimony is inadmissible." McKnight v. Purdue Pharma Co., 422 F. Supp. 2d 756 (E.D. Tex. 2006). The Court finds no reason to exclude Mrs. Greenberg, her

---

[2] The parties dispute the facts surrounding this argument. See Resp. at 9; Reply at 2.

report, or the photographs based on the arguments proffered by Defendant.[3] Therefore, the request to exclude this witness and these exhibits will be denied.

However, the Court agrees with Defendant that Mrs. Greenberg's report should have included "a statement of the compensation to be paid of the study and testimony in the case," as required under Rule 26(a)(2)(B)(vi).  Plaintiff will be directed to disclose this information immediately.  The Court does not find the lack of this information from the original report to be harmful under the circumstances, so this is not a basis for excluding the witness, her report, or the photographs.

---

[3] In its Reply, Defendant seems to add a suggestion that Mrs. Greenberg's report and the photographs should be excluded for failure to timely disclose the exhibits under Rule 26.  See Reply at 6, 7.  Arguments in a reply memorandum "shall be strictly limited to rebuttal of matters raised in the memorandum in opposition."  S.D. Fla. L.R. 7.1(c).  Raising these arguments regarding untimely disclosure for the first time in Defendant's Reply is inappropriate, especially where Defendant explicitly noted in its original Motion that "[s]ince Plaintiff's Exhibit Nos. 1-3 have presumably been produced to the Defendant in this case previously, Defendant focuses this Motion, as it pertains to untimely disclosure, on Plaintiff's Exhibit Nos. 4-5; namely, the "Broward Property appraisal of the Subject Facility" and 'Attorney's Time sheet and Breakdown of cost, if Plaintiff prevails in this matter' [not the expert report or photographs,] . . . [and w]ith regard to Plaintiff's witnesses, Defendant focuses this Motion, as it pertains to untimely disclosure, specifically on Plaintiff's Witness Nos. C-D; namely, 'Richard L. Wester, CFE Expert Forensic Accountant' and 'Attorney Fee's Expert' [not Mrs. Greenberg]." Mot. at 2-3.  Regardless, Rule 26 does not require a party to supplement his initial disclosures "if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A).  Mrs. Greenberg's expert report and photographs were made known to Defendant during the course of discovery or in writing during the litigation, and with ample time for Defendant to investigate the report and photographs, and submit arguments related to that information during the months leading to trial.  See, e.g., Defendant's Response to Plaintiff's Motion for Summary Judgment [DE 36]; see also Mot. at 2-3.

### III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Defendant Moon Palace, Inc. d/b/a Peking Duck House's Motion to Exclude Untimely Exhibits and Witnesses, and Motion to Exclude Plaintiff's Experts and Expert Report [DE 79] is **GRANTED in part and DENIED in part** as follows:

1. The request to exclude from trial the "Attorney's Time Sheet and Breakdown of Cost" (Exhibit No. 5) is **GRANTED**;

2. The request to exclude from trial the "Attorney's Fee Expert" (Witness D) is **GRANTED**;

3. The request to exclude from trial Rebuttal Expert Witness Richard L. Wester (Witness C) is **GRANTED**;

4. In all other respects, the Motion is **DENIED**, however, with respect to Expert Witness Caroline (Shemtov) Greenberg's Expert Report (Exhibit No. 1), Plaintiff shall immediately disclose "a statement of the compensation to be paid of the study and testimony in the case," in accordance with Rule 26(a)(2)(B)(vi).

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 7th day of February, 2012.

_____
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF